**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| ROBERT AND LINDA HUMPHRIES, | Civil Action No. |
| Plaintiffs, | 2:13-CV-0076-SDW-SCM |
| v. | **ON ORDER TO SHOW CAUSE, D.E. 26 TO DISMISS FOR FAILURE TO PROSECUTE** |
| BUSHWICK METALS, INC., et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

## I.    INTRODUCTION

Before the Court is an Order to Show Cause for the Plaintiffs to demonstrate why the Court should not dismiss this action for lack of prosecution.  (D.E. 26).  Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, United States District Judge, has referred the instant matter to the undersigned for report and recommendation.  For the reasons set forth herein, it is respectfully recommended that this action be **dismissed without prejudice.**

## II.   BACKGROUND AND PROCEDURAL HISTORY

On January 3, 2013, defendant Bushwick Metal, Inc. filed an incomplete notice of removal from New Jersey Superior Court, asserting diversity of citizenship existed pursuant to 28 U.S.C.

1

1332. (D.E. 1).    Robert and Linda Humphries ("Plaintiffs") previously filed an action in the Essex County Vicinage alleging that during the course of his employment, Defendant negligently secured steel on a flatbed trailer resulting in personal injuries to Mr. Humphries and per quod claims of Mrs. Humphries. *Id.*

At that time, the case was also referred to arbitration. Thereafter, the Honorable Madeline C. Arleo held a Rule 16 scheduling conference on August 14, 2013, and entered an order setting the discovery end date as December 31, 2013. (D.E. 4, 5).    On October 16, 2013, Defendant filed a third-party complaint against Salson Logistics, Inc., Plaintiff's employer. (D.E. 10).    On December 9, 2013, Judge Arleo entered an order extending the discovery deadline to March 1, 2014.    Judge Arleo conducted a telephone conference in the matter on March 4, 2014. (D.E. 22).

On November 26, 2014, the Honorable Steven C. Mannion entered a letter order requiring Plaintiffs to submit papers showing good cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 41 (b) because there had been no activity on the docket from Plaintiff in over 120 days. (D.E. 26).    A status conference was set for January 22, 2015 before Judge Mannion to address D.E. 26; however, Plaintiffs failed to submit papers showing good cause why the case should not be

dismissed, and failed to appear for the status conference. The Court also has not received any documentation from Defendant in this matter.

### III. <u>LEGAL STANDARD AND ANALYSIS</u>

The complaint in this matter may be dismissed by the District Court pursuant to Federal rule of Civil Procedure 41(b). Rule 41(b) allows a court to dismiss an action for failure to "prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). Ordinarily, to ensure "that a party still has [his or] her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013), the court must consider the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before dismissal. However, the *Poulis* factors need not be considered where the dismissal is without prejudice. *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n.5 (3d Cir. 2007).

Local Civil Rule 41.1 similarly provides that civil cases "which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution . . . unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party."

Here, the docket shows Plaintiffs' most recent involvement occurred on March 4, 2014, in which the parties engaged in a telephone conference before Judge Arleo.  (D.E. 22, and accompanying minutes entered March 25, 2014).  Plaintiffs failed to provide the court with a filing showing good cause, and also did not appear for the scheduled conference on January 22, 2015. Plaintiffs have failed to prosecute their claims for well over 120 days and good cause has thus far not been shown.

### IV. CONCLUSION

For the reasons articulated herein, the undersigned recommends that this matter be **dismissed without prejudice** for failure to prosecute.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2) to show that they have valid claims and to provide proofs that they have respectively been actively pursuing their claims.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/23/2015 10:59:44 AM

4